This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 25 October 2000 as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On 23 September 1993, an employment relationship existed between the plaintiff-employee and defendant-employer.
3. On 23 September 1993, defendant was self-insured with Kemper Risk Management Services at risk.
4. The plaintiff's compensation rate on 23 September 1993 was $442.00 per week, the maximum amount for 1993.
5. On 23 September 1993, plaintiff sustained a compensable injury arising out of and in the course of his employment with defendant-employer.
6. As a result of this compensable injury, plaintiff has received temporary total disability benefits through 23 August 1999. On 23 August 1999 Special Deputy Commissioner Gina Cammarano approved defendant's Form 24 Application to Suspend Benefits.
7. Plaintiff's vocational rehabilitation reports are admitted into evidence as Stipulated Exhibit #2, including the last report dated 11 January 2001.
8. Plaintiff's personnel records are admitted into evidence as Stipulated Exhibit #3.
9. The following Industrial Commission Forms and Orders are admitted into evidence as Stipulated Exhibit #4:
a. Form 21, approved 10 May 1995;
 b. Order filed 28 April 1999 by Special Deputy Commissioner Gina Cammarano that plaintiff comply with reasonable vocational rehabilitation efforts;
c. Defendant's 28 June 1999 Form 24 Application;
d. Plaintiff's 27 July 1999 Response to Form 24;
 e. Order by Special Deputy Commissioner Gina Cammarano, filed 23 August 1999, suspending plaintiff's compensation effective 2 June 1999.
 f. Form 33 Request for Hearing filed by plaintiff 21 September 1999.
 10. Plaintiff's medicals received by the undersigned following the hearing are admitted into evidence.
 11. The issue to be determined by this hearing is whether plaintiff's temporary total disability should resume, and, if so, whether defendants are allowed a credit.
***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 23 September 1993 plaintiff was a forty-seven year old male employed by defendant as a plastics technician. Plaintiff worked with defendant approximately twenty-two years.
2. On 23 September 1993, plaintiff developed bilateral carpal tunnel syndrome as a result of his employment with defendant. Defendant accepted plaintiff's occupational disease as compensable and entered into a Form 21 Agreement, which the Commission approved on 10 May 1995. As a result of this Form 21, plaintiff began receiving temporary total disability compensation effective 16 March 1995.
3. On 29 August 1994, Dr. Mark Brenner of Pinehurst Surgical Clinic performed a left cubital tunnel release and a left carpal tunnel release on plaintiff. On 10 October 1994, Dr. Brenner performed a right cubital tunnel release and a right carpal tunnel release on plaintiff.
4. Plaintiff was seen by Dr. James Nunley of Duke University Medical Center on 12 July 1995. Dr Nunley concluded plaintiff had reached maximum medical improvement and released plaintiff to return to work with a five percent (5%) permanent partial disability rating to each hand.
5. On 24 January 1996, Dr. Brenner gave plaintiff an eight percent (8%) permanent partial disability rating to each hand and released plaintiff to return to work with restrictions. There was no work at defendant-employer available within these restrictions.
6. On 12 January 1999 Dr. Barry White of Cape Fear Neurology Associates saw plaintiff for an independent medical evaluation. Dr. White gave plaintiff a five percent (5%) permanent partial disability rating and released plaintiff to return to work with restrictions.
7. With approval of plaintiff's treating physician, defendant began vocational rehabilitation with plaintiff in an effort to find suitable employment. As a result of plaintiff's unrealistic return to work requirements and refusal to, in good faith, participate with defendant's rehabilitation efforts, Special Deputy Commissioner Gina Cammarano filed an Order 28 April 1999 compelling plaintiff to comply with reasonable rehabilitation services.
8. Plaintiff was provided with rehabilitation services between January 1999 and June 1999 by Ms. Linda DeBaer, a rehabilitation counselor with Resolve Rehabilitation Consulting. During the months that Ms. DeBaer worked with plaintiff, he refused to consider any positions that did not pay him $20.00 per hour or more. Plaintiff also informed Ms. DeBaer he would not be willing to work for any other employer than defendant. Plaintiff did not act in good faith when Ms. DeBaer asked him to complete or submit applications to other employers.
9. Defendant enrolled plaintiff in the Work Alternatives Program in Fayetteville. Plaintiff participated on 1 June 1999 and 2 June 1999 but refused to complete the program. Plaintiff also refused to undergo scheduled vocational testing, job seeking skills training, and other job development and placement services the afternoon of 2 June 1999 at the Fayetteville Vocational Center. Plaintiff informed Ms. DeBaer he would not participate in any further vocational rehabilitation and refused to show up at the scheduled interview on 8 June 1999.
10. Defendant filed a Form 24 Application to Terminate or Suspend Compensation. As a result of plaintiff's unjustifiable refusal to cooperate with vocational rehabilitation an Administrative Decision and Order filed 23 August 1999 by Special Deputy Commissioner Gina Cammarano approved defendant's Form 24 and allowed defendant to suspend plaintiff's compensation effective 2 June 1999 until plaintiff's unjustifiable refusal to cooperate with vocational rehabilitation services ceased.
11. Defendant paid plaintiff compensation through the 23 August 1999 Administrative Decision and Order. The Special Deputy Commissioner's Order did not address defendant's overpayment since 2 June 1999.
12. At the hearing before the Deputy Commissioner, plaintiff indicated he would participate in vocational rehabilitation the best he was able. Plaintiff also indicated he did the best he could in June 1999.
13. Following the hearing, counsel for both parties and the undersigned participated in a conference call on 20 November 2000. The Deputy Commissioner agreed to suspend disposition of the case and allow defendant to resume vocational rehabilitation.
14. On 11 January 2000, plaintiff and his attorney were scheduled to hold a vocational rehabilitation meeting with Ms. Linda DeBaer at plaintiff attorney's office. Ms. DeBaer attended the meeting at the designated date, place and time. Plaintiff's counsel relayed to Ms. DeBaer that plaintiff had indicated he did not need Ms. De Baer's services and would not meet with Ms. DeBaer. There is no justification for plaintiff's refusal to meet with Ms. DeBaer.
15. Plaintiff's actions in refusing to meet with Ms. DeBaer without excuse refute plaintiff's own testimony at the hearing that he would cooperate with reasonable vocational rehabilitation efforts. Plaintiff may petition the Industrial Commission to restart his benefits, subject to the credit owed defendant, by filing a motion showing plaintiff's willingness to cooperate with reasonable vocational efforts.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 23 September 1993 plaintiff sustained a compensable occupational disease, bilateral carpal tunnel syndrome. G.S. § 97-53(13).
2. As a result of plaintiff's compensable occupational disease, plaintiff received temporary total disability from 16 March 1995 and continuing until the 23 August 1999 Administrative Decision and Order by Special Deputy Commissioner Gina Cammarano directing defendant to suspend payment of compensation to plaintiff effective 2 June 1999.
3. The greater weight of the evidence shows that plaintiff unjustifiably refused to cooperate with reasonable vocational rehabilitation efforts from 2 June 1999 and continuing.
4. As a result, defendant is entitled to suspend compensation benefits to plaintiff effective 2 June 1999. Defendant is further entitled to a credit for any compensation benefits paid to plaintiff after 2 June 1999. Should plaintiff be able to prove he is cooperating with vocational rehabilitation in good faith, defendant is entitled to this credit prior to the start of any benefits.
5. Plaintiff is entitled to have defendant provide all medical treatment arising out of plaintiff's compensable bilateral carpal tunnel syndrome to the extent to tends to effect a cure, give relief, or lessens plaintiff's period of disability. G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. On 23 August 1999 Special Deputy Commissioner Gina Cammarano properly approved defendant's Form 24 Application to Suspend Compensation to plaintiff effective 2 June 1999.
2. Defendant is to receive a credit for those payments of compensation made to plaintiff after 2 June 1999 prior to payment of any further benefits that may become due.
3. Defendant shall provide all medical treatment arising out of plaintiff's compensable bilateral carpal tunnel syndrome to the extent it tends to effect a cure, gives relief or lessens plaintiff's period of disability.
Both sides shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER